IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01082–EWN–MEH

EDWIN MARK ACKERMAN,

Applicant,

v.

CARL ZENON (Warden) and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the court on the assigned magistrate judge's recommendation, filed April 27, 2005, that the application for habeas corpus be denied and that the case be dismissed. The magistrate judge reasoned (1) that Applicant's petition was barred by the one-year limitations period found in 28 U.S.C. § 2244(d)(1) (2006) and (2) that neither *Blakely v. Washington*, 542 U.S. 296 (2004) nor *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applied retroactively to support Applicant's claims. Applicant has objected to the recommendation. The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive motions (such as the one under review here), a district court assessing a magistrate judge's recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. §

636(b)(1) (West 1993); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

Applicant first objects to the magistrate judge's calculation of the time periods leading to the conclusion that his current case is time-barred. His objection is difficult to follow. Apparently referring to a prior federal habeas case, he mistakenly claims that the case was filed July 2, 2000. (It was, in fact, filed June 14, 2002, as demonstrated by this court's docket sheet.) He somehow thinks that this federal case, which was dismissed for failure to exhaust state court remedies, tolled the limitations period so that the current, second petition is timely. He is wrong, for numerous reasons. First, as the magistrate judge said, the filing and pendency of a *federal* habeas petition does not toll the one-year limitations period, nor does the current petition somehow relate back to the first petition. Second, as the magistrate judge demonstrated, the first federal petition was itself untimely, although this court did not reach the issue because the case was dismissed on other grounds. Third, perusal of the docket sheet shows that the previous federal petition was pending from June 14, 2002 through October 4, 2002, when the court of appeals granted Applicant's motion to dismiss so he could exhaust state remedies. Even if the entire period (109 days) tolled the limitations period, the current petition is still untimely.

Applicant also repeats his objection to the magistrate judge's view of the retroactivity of *Apprendi* and *Blakely*. Established Tenth Circuit authority, cited by the magistrate judge, demonstrates that Applicant is wrong. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the

recommendation is a correct application of the facts and the law.* Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.
2. The petition for a writ of habeas corpus is DENIED and the case is DISMISSED with prejudice.
3. All other pending motions are DENIED as moot.

DATED this 14th day of March, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge

*The court notes an apparent minor and immaterial discrepancy in the mathematical calculations, which the court is unable to follow. One calculation concerning the first time period (at page nine of the recommendation) excludes 242 days, while the second calculation (at page 11) excludes 243 days.